# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CHAD MARK FRANCO FERRARI,**

    Plaintiff,

v.

**DANIEL LEONARD, et al.,**

    Defendants.

Civil Action No. 2:26-cv-01866-GAW

(and related matter 2:26-cv-02184-GAW)

# PLAINTIFF'S MOTION FOR JUDICIAL DISCLOSURE

## PURSUANT TO 28 U.S.C. § 455(a)

Plaintiff Chad Mark Franco Ferrari, appearing pro se, respectfully submits this Motion for Judicial Disclosure Pursuant to 28 U.S.C. § 455(a).

## I.    INTRODUCTION AND POSTURE

    **1.**    This Motion does not allege bias, impropriety, or misconduct by the Honorable Gail A. Weilheimer. It is filed in a spirit of respect for this Court and for the integrity of the federal judicial process. This Motion does not challenge the administrative reassignment process by which these matters were transferred to Her Honor's calendar, and does not seek recusal as its primary relief. It asks only that Her Honor consider, under Her Honor's independent evaluation of 28 U.S.C. § 455(a), whether any additional facts warrant disclosure on the record so that the parties and any reviewing court may proceed with a complete understanding of the circumstances.

    **2.**    Plaintiff does not ask this Court to infer personal friendship, social intimacy, undisclosed influence, or any disqualifying relationship from neighborhood proximity, institutional overlap, professional cohort evidence, or public-record facts alone. Plaintiff asks only whether any relationship, contact, or circumstance exists that Her Honor believes, in Her Honor's independent judgment, warrants disclosure under § 455(a). Plaintiff specifically disclaims any suggestion that the facts set forth in this Motion, individually or collectively, compel disqualification. The relief sought is disclosure, not recusal.

**3.** Plaintiff seeks only the minimum disclosure necessary to permit a reasonable observer to evaluate the appearance question on a complete record. Plaintiff respectfully submits that the facts set forth below, considered individually and in their totality, warrant the Court's independent evaluation under § 455(a) so that a reasonable observer may evaluate the appearance of impartiality with the benefit of all material facts.

## II.    LEGAL STANDARD

**4.** Title 28, United States Code, Section 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is objective and prophylactic, and does not require proof of actual bias.

**5.** The Third Circuit has long held that § 455(a) requires disqualification "when a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The standard is designed to promote public confidence in the judiciary and does not require proof of actual bias. *United States v. Ciavarella*, 716 F.3d 705, 717 (3d Cir. 2013). The appearance inquiry is objective and prophylactic. *United States v. Bertoli*, 40 F.3d 1384, 1388 (3d Cir. 1994). The "reasonable person" under § 455(a) is informed of all surrounding facts and circumstances, including matters of public record, and need not have specialized knowledge of the judiciary's internal practices. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 343 (3d Cir. 1998).

**5A.** The relief sought in this Motion is consistent with the procedural standard the Court itself articulated in sworn responses to the Senate Judiciary Committee dated August 7, 2024. In response to questions from Senators Klobuchar and Lee, the Court stated, in pertinent part: "I treat every person who appears before me with respect. I ensure that all voices are heard. I am well prepared for every case. Each case is addressed efficiently and my decisions and the underlying reasoning for my decisions are transparent." Plaintiff respectfully submits this Motion in reliance on, and consistent with, that articulated standard. (Senate Judiciary Committee, Questions for the Record, Hon. Gail A. Weilheimer, transmitted August 7, 2024.)

## III.    FACTUAL BASIS

### A.    The Shapiro Cluster

**6.** According to a July 3, 2024 article published by The Philadelphia Inquirer announcing Her Honor's nomination to this Court, Her Honor served as counsel to Governor Josh Shapiro's transition team when he was elected to the Montgomery County Board of Commissioners in 2011.

**7.** On or about January 17, 2023, in connection with Governor Shapiro's inauguration as the 48th Governor of Pennsylvania, Laurence Weilheimer, the Court's spouse, publicly posted on LinkedIn a message referring to Governor Shapiro as "my good friend." (Exhibit B.)

**8.**     On September 26, 2023, the Planning Commission of the Township of Abington held a public meeting at which both Laurence Weilheimer and Judge Gail A. Weilheimer (1282 Rydal Road) and Lori Shapiro (Cloverly Lane, speaking for herself and Governor Josh Shapiro) submitted public comments opposing the identical conditional-use application for a senior-care facility at 1209 Rydal Road. The application was denied 7-0. (Exhibit C, Abington Township Planning Commission Minutes.)

**8A.**     The September 26, 2023 Abington Township Planning Commission record reflects that the Court's spouse and the Governor's spouse appeared at the same public hearing, opposed the same conditional-use application affecting properties on Rydal Road and Cloverly Lane in the immediate vicinity, and that both households are residents of the same Abington Township neighborhood. The 7-0 denial that followed reflects civic engagement on a shared local matter. Plaintiff notes the geographic proximity and shared civic engagement only as public-record facts for Her Honor's independent § 455(a) evaluation, and does not suggest that neighborhood proximity alone constitutes any disqualifying circumstance.

**9.**     On or about April 2026, the public "Followed by" indicator displayed within the Instagram application on the public profile bearing the handle @larry__w (publicly identified as the account of Laurence Weilheimer) showed that the account bearing the handle @joshshapiropa (publicly identified as associated with Governor Josh Shapiro) is among the accounts following @larry__w. Plaintiff makes no representation regarding who operates the @joshshapiropa account, and notes this digital connection only as a public-record fact for the Court's independent § 455(a) evaluation. (Exhibit E.)

**9A.**     Plaintiff respectfully notes, as an additional public-record fact, that in or about February 2026 a property-boundary dispute became the subject of dueling federal and state-court litigation between Governor Josh Shapiro and his spouse Lori Shapiro on the one hand, and their immediate neighbors Jeremy and Simone Mock on the other hand. Mock v. Shapiro et al. is publicly docketed in the United States District Court for the Eastern District of Pennsylvania, and a related action is pending in the Montgomery County Court of Common Pleas. The dispute concerns property in the same Abington Township/Rydal Road neighborhood referenced in paragraphs 8 and 8A above. Plaintiff notes the existence of these proceedings only as additional public-record context regarding the active civic and litigation footprint of the Shapiro household in the immediate vicinity of the Court's residence, and makes no representation regarding the merits of any party's claims in those proceedings. Plaintiff submits this fact solely for Her Honor's independent § 455(a) evaluation.

**B.     Blank Rome LLP's Support for Judge Weilheimer's Nomination**

**10.**     On July 26, 2024, six partners from Blank Rome LLP signed the official "greater Philadelphia legal community" support letter for Judge Weilheimer's federal judicial nomination. (Exhibit A.) Mary T. Vidas, Esq. and Michelle Piscopo, Esq. of Blank Rome LLP have served as counsel for Plaintiff's opposing party in the underlying Pennsylvania state court family law proceedings that form part of the factual background to the related federal actions before this Court.

## C.    Blank Rome's Role in the Existing Federal Record

**11.**    Blank Rome LLP and its attorneys are referenced throughout the operative pleadings in the above-captioned actions as central factual actors. Plaintiff's December 23, 2025 Motion for Leave to Conduct Limited Scope Oral Depositions addressed, in part, Mitchell S. Goldberg (then publicly announced as incoming senior counsel at Blank Rome effective January 1, 2026).

## D.    The January 1, 2026 Arrival of Former EDPA Chief Judge Mitchell S. Goldberg at Blank Rome LLP

**12.**    On December 16, 2025, Blank Rome LLP publicly announced that the Honorable Mitchell S. Goldberg, the immediate past Chief Judge of this District, would join the firm as senior counsel in the business litigation group effective January 1, 2026. (Exhibit D.) Plaintiff does not allege that Judge Goldberg had any role in the assignment or reassignment of these matters. Plaintiff notes this public fact only because Blank Rome and its attorneys are already referenced throughout the existing federal record, and Plaintiff respectfully submits that Her Honor may wish to consider whether any disclosure is warranted under § 455(a).

**12A.**    Plaintiff respectfully notes that the January 1, 2026 effective date of Judge Goldberg's arrival at Blank Rome LLP fell during the period in which the underlying state court proceedings referenced in Plaintiff's operative federal pleadings were active, and shortly before the federal complaints in the above-captioned actions were filed. Plaintiff makes no representation regarding any role by Judge Goldberg in those proceedings or in the assignment of these matters, and notes the timing only as a public-record fact for Her Honor's independent § 455(a) evaluation.

## E.    Additional Supporting Facts

**13.**    Publicly available biographical records indicate that Dean E. Weisgold, Esq., counsel in related Pennsylvania state court proceedings referenced in the operative pleadings, received a B.S. from the University of Pennsylvania in 1985 and a J.D. from the University of Pennsylvania Law School in 1988. Laurence Weilheimer received a B.S. from the Wharton School in 1985 and a J.D. from the University of Pennsylvania Law School in 1990. Plaintiff notes this narrow cohort overlap only as a public-record fact.

**13A.**    Her Honor served on the Montgomery County Court of Common Pleas from approximately 2014 through her elevation to this Court in 2024 — a period of approximately ten years on a county bench whose family-law and civil dockets are regularly handled by attorneys practicing in the Philadelphia and Montgomery County bar corridor. Plaintiff respectfully notes that the firm Testa & Pagnanelli, LLC — the firm of Plaintiff's former counsel of record in the underlying state proceedings — maintains its principal office at 325 Swede Street, Norristown, Pennsylvania 19401, in the Montgomery County seat where Her Honor sat for that ten-year period. Plaintiff further notes that he anticipates filing additional federal civil rights complaints (referenced internally as Track 3) naming Pennsylvania-licensed attorneys who practice or have practiced in that same geographic and professional corridor during the relevant period. Plaintiff

makes no representation regarding any specific past contact between the Court and any anticipated defendant, and notes the geographic and temporal overlap solely as a public-record fact for Her Honor's independent § 455(a) evaluation.

**13B.**    Plaintiff respectfully notes that the Nicholas A. Cipriani Family Law Inn of Court is a Philadelphia-based professional organization administered through the American Inns of Court national framework, which draws membership from family-law practitioners across the Philadelphia and Montgomery County corridor. The former presiding judge in the underlying Pennsylvania state court custody matter — Hon. Daniel Sulman — served as Secretary of the Cipriani Inn during the relevant period, and recused on October 30, 2025. Multiple attorneys identified in Plaintiff's operative pleadings as central factual actors in the underlying state proceedings are members of the Cipriani Inn during the same period. Plaintiff has documented and discussed the Cipriani Inn membership architecture in publicly available materials, including online publications and a state-court disciplinary complaint currently in preparation. Plaintiff respectfully notes that members of the Cipriani Inn have practiced family law in the Philadelphia and Montgomery County bar corridor throughout the period 2014 through 2024 and may have appeared before Her Honor during her service on the Montgomery County Court of Common Pleas. Plaintiff makes no representation regarding any specific past appearance, ruling, or relationship, and notes the institutional and temporal overlap solely as a public-record fact for Her Honor's independent § 455(a) evaluation.

### F.    The Court's Montgomery County Competency Court

**14.**    Her Honor created the Montgomery County Competency Court during her service on the Montgomery County Court of Common Pleas. Plaintiff notes this public-record fact as closely related in subject matter to the procedural challenge at issue because Plaintiff intends to file, contemporaneously with or in short order following this Motion, a Motion for Preliminary Injunction under Federal Rule of Civil Procedure 65(a) seeking to enjoin a Philadelphia Court of Common Pleas Mental Health Evaluation directive scheduled for implementation on April 28, 2026, on procedural due process grounds. Plaintiff does not suggest that subject-matter familiarity constitutes a disqualifying circumstance; Plaintiff notes it only because Her Honor may, in Her Honor's independent judgment, wish to consider whether any disclosure is warranted under § 455(a).

## IV.    RELIEF REQUESTED

**15.**    Plaintiff respectfully requests that this Honorable Court consider, and if the Court deems appropriate, place on the record, as promptly as the Court deems appropriate in light of the April 28, 2026 deadline referenced in Section III(F) above, any disclosures Her Honor independently concludes are warranted under § 455(a), addressing in particular:

(a)    Any past or present professional, personal, or social relationship between the Court or the Court's immediate family and any of the Blank Rome Signatories, Mary T. Vidas, Esq., Michelle Piscopo, Esq., or the Honorable Mitchell S. Goldberg (now Senior Counsel at Blank Rome LLP), that Her Honor believes warrants disclosure;

(b)     Any personal, social, neighborhood, political, advisory, or professional relationship or contact — including any digital or social-media connection between members of the Court's household and the Shapiro household or accounts associated with Governor Shapiro — between the Court or the Court's immediate family and Governor Josh Shapiro, First Lady Lori Shapiro, or their immediate family that Her Honor believes warrants disclosure;

(c)     Any past or present professional, personal, or social relationship between the Court or the Court's immediate family and Dean E. Weisgold, Esq. that Her Honor believes warrants disclosure;

(d)     Whether Her Honor's prior creation of the Montgomery County Competency Court constitutes a fact Her Honor believes warrants disclosure in connection with Plaintiff's contemporaneous or imminent Motion for Preliminary Injunction; and

(e)     Any other fact that, in the Court's independent judgment under § 455(a), Her Honor deems appropriate to place on the record.

16.     Plaintiff respectfully submits that disclosure of such facts — whether affirmative or negative — will strengthen the integrity of these proceedings, protect the Court from any future claim of non-disclosure, and provide Plaintiff, who appears pro se, with a complete record on which to proceed. Plaintiff respectfully requests that Her Honor address this request as promptly as the Court deems appropriate, in light of the April 28, 2026 deadline referenced in Section III(F) above. A proposed form of order is submitted herewith pursuant to Local Civil Rule 7.1(a).

## V.     CONCLUSION

17.     For the foregoing reasons, Plaintiff respectfully requests that this Court address the matters set forth above on the record as promptly as the Court deems appropriate, in light of the April 28, 2026 deadline referenced in Section III(F) above. Plaintiff does not challenge the administrative reassignment and seeks only disclosure sufficient to permit an informed record under 28 U.S.C. § 455(a).

Dated: April 13, 2026

Respectfully submitted,

/s/ Chad Mark Franco Ferrari

**Chad Mark Franco Ferrari**

Plaintiff, Pro Se

1119 Wallace Street, 1st Floor

Philadelphia, PA 19123

Telephone: (215) 483-1985

Email: chadferrari@me.com


## CERTIFICATE OF SERVICE


I hereby certify that on April 13, 2026, a true and correct copy of the foregoing Plaintiff's Motion for Judicial Disclosure Pursuant to 28 U.S.C. § 455(a), the Proposed Order filed herewith, and the Exhibit Package (Exhibits A through F) filed herewith were served on all counsel of record via the Court's Electronic Case Filing (ECF) system.


Dated: April 13, 2026


/s/ Chad Mark Franco Ferrari

**Chad Mark Franco Ferrari**

Plaintiff, Pro Se

1119 Wallace Street, 1st Floor

Philadelphia, PA 19123

Telephone: (215) 483-1985

Email: chadferrari@me.com

## EXHIBITS

**Exhibit A** — July 26, 2024 Blank Rome Support Letter (Nomination)

**Exhibit B** — Laurence Weilheimer LinkedIn Post (January 17, 2023)

**Exhibit C** — Abington Township Planning Commission Minutes (September 26, 2023)

**Exhibit D** — Blank Rome Press Release re: Judge Goldberg (December 16, 2025)

**Exhibit E** — Instagram Screenshot of @larry__w Profile Displaying @joshshapiropa in "Followed by" Indicator (April 2026)

**Exhibit F** — Senate Judiciary Committee, Questions for the Record, Hon. Gail A. Weilheimer (transmitted August 7, 2024)